■ MARTIN HONIG, Respondent, v. HARRY REBELL et al. Copartners, Doing Business as J. C. MANAGEMENT CO., Appellants.— In a negligence action to recover damages for personal injuries, defendants appeal from an interlocutory judgment of the Supreme Court, Kings County, entered May 23, 1972, in favor of plaintiff on the issue of liability, upon a jury verdict after trial on that issue only. Interlocutory judgment reversed, on the law, and new trial granted in the interests of justice, with costs to abide the event. In our opinion, the evidence on the issue of notice was inadequate to sustain plaintiff's burden of proof and a new trial should be had in the interests of justice to afford plaintiff a further opportunity to make the required proof. Shapiro, Gulotta, Brennan and Benjamin, JJ., concur; Martuscello, Acting P. J., concurs in part and dissents in part, with the following memorandum: I agree with the majority that the interlocutory judgment should be reversed on the ground that plaintiff failed to establish constructive notice that the drainhole cover had been displaced. However, I disagree with the majority's determination that a new trial is required and vote to dismiss the complaint. This action was tried on the theory that plaintiff was a social guest and licensee on defendants' premises and that the uncovered drainhole constituted a trap or hidden danger. Defendants in such cases must exercise reasonable care to disclose any danger known by them but not likely to be discovered by the guest (*Krause* v. *Alper*, 4 N Y 2d 518). In my opinion the uncovered drainhole should have been discovered by plaintiff, since it was an open and obvious condition. As such it does not constitute a trap or hidden danger (*Krause* v. *Alper, supra*). I am aware that this court recently stated that "'reason and a right sense of justice' cry out for the abolition * * * of the social guest rule" (*Sideman* v. *Guttman,* 38 A D 2d 420, 430, mot. for lv. to app. granted by this court May 16, 1972). Nevertheless, we affirmed the dismissal of the plaintiff's complaint in *Sideman* because we were then and are now bound by the existing precedents established by the highest court of our State (*Sideman* v. *Guttman, supra*). Since plaintiff in this action is a social guest and licensee and not an invitee, defendants are not liable to him. For these reasons, the complaint should be dismissed.